UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLA YOUNG FREEMAN EL,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>KING COUNTY SUPERIOR COURT ET AL,<br><br>　　　　　　Defendants. | CASE NO. 2:25-cv-01567-LK<br><br>ORDER REMANDING CASE |

　　This matter comes before the court sua sponte. Plaintiff Carla Young Freeman El attempted to remove her own case from state to federal court, Dkt. No. 1-1, and seeks leave to proceed in forma pauperis ("IFP"), yet completed no portion of the required IFP form, Dkt No. 1.

　　In a recent case before Judge Chun, Plaintiff also failed to complete the required IFP form and then refused to comply with multiple court orders to fix it. *Young Freeman El v King Cnty. Superior Ct. et al*, 2:25-cv-01003-JHC, Dkt. No. 17 (Aug. 11, 2025). Judge Chun dismissed the case, citing Plaintiff's failure to comply with repeated court orders. *Id.* Plaintiff then filed another Notice of Removal, generating this new case in this District, and an IFP request that she knew to

ORDER REMANDING CASE - 1

be deficient in an apparent bad faith attempt to delay and interfere with state court proceedings. Dkt. Nos. 1–2; *see also* Dkt. No. 9 at 10 (noting that the King County Superior Court continued a hearing on an Immediate Restraining Order that had been scheduled on July 28, 2025 due to the pending federal matter before Judge Chun); Dkt. No. 9-1 at 40–41 (continuance order stating that the rescheduled hearing will take place on September 15, 2025).

Among other problems, Plaintiff is removing her own case from state to federal court. Dkt. No. 1. Only defendants can remove actions from state to federal court. *See* 28 U.S.C. §§ 1441(a) ("may be removed by the defendant"); 1446(a) ("defendant or defendants desiring to remove"); *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants.").

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). When a plaintiff improperly removes their own case, the appropriate remedy is to remand the case to state court. *See Okot v. Callahan*, 788 F.2d 631, 633 (9th Cir. 1986) (remanding case to the district court "with instructions to remand to the courts of the State of Washington" because "Okot, as the petitioner in the state court proceeding, had no power to remove his own case. Removal is available only to defendants. . . . He initiated the case in state court. He cannot remove it"); *see also Carr v. Or. Dep't of Hum. Servs.*, No. 1:25-cv-0719-AA, 2025 WL 1596712, at *1–2 (D. Or. May 8, 2025) (sua sponte remanding case because it was removed by plaintiff).[1]

---

[1] The Court further notes that *Younger v. Harris*, 401 U.S. 37, 43 (1971) and its progeny preclude the Court from entertaining Plaintiff's claims. *See Redd v. Guerrero*, 84 F.4th 874, 889 n.9 (9th Cir. 2023) (*Younger* abstention "applies where the federal litigant seeks to negate certain state court orders issued in a civil proceeding"); *see also Morancy v. Salomon*, No. 24-12505, 2025 WL 1341957, at *2 (11th Cir. May 8, 2025) (*Younger* abstention warranted

ORDER REMANDING CASE - 2

For the reasons stated above, the Court REMANDS this case to the King County Superior Court. Plaintiff's Motion to Proceed IFP, Dkt. No. 1, Plaintiff's Motion for Temporary Restraining Order, Dkt. No. 3, Defendant Theodore Strava's Motion to Remand, Dkt. No. 7, and Defendant Strava's Motion for Temporary Restraining Order, Dkt. No. 9, are all DENIED as moot.[2]

Dated this 21st day of August, 2025.

Lauren King
United States District Judge

---

where pro se litigant used 42 U.S.C. § 1983 to challenge perceived misconduct in an ongoing state family law proceeding and sought a federal injunction to halt or redirect that proceeding); *Doe v. Lindell*, No. 22-1666, 2023 WL 196467, at *2–4 (7th Cir. Jan. 17, 2023) (*Younger* abstention was appropriate in a case alleging that the defendants conspired with the state court judge to limit plaintiff's parental rights; "a federal ruling here would inappropriately insert the federal courts into an ongoing state family-court proceeding—an area of law traditionally reserved for the states"); *Falco v. Justs. of the Matrimonial Parts of Supreme Ct. of Suffolk Cnty.*, 805 F.3d 425, 427 (2d Cir. 2015) (a pending state proceeding that involved an order requiring a parent to pay the fee for their child's court-appointed attorney in a family court proceeding was entitled to *Younger* abstention because the order implicated the way New York courts manage their divorce and custody proceedings, an area in which the state has an especially strong interest).

[2] In light of Plaintiff's pro se status, the Court denies Mr. Strava's request for attorney's fees and costs incurred as a result of Plaintiff's bad faith removal. Dkt. No. 7 at 21–22. However, the Court warns Plaintiff that it will not hesitate to impose sanctions, including but not limited to attorney's fees and costs, should her frivolous and bad faith behavior continue. *See* LCR 11(c).

ORDER REMANDING CASE - 3